```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF MISSOURI
         EASTERN DIVISION


NANCY C. SALINAS,                 )
                                  )
         Plaintiff,               )
                                  )
     v.                           )    No. 4:10CV1103-DJS
                                  )
USAA CASUALTY INSURANCE CO.,      )
                                  )
         Defendant.               )
```

**ORDER**

Now before the Court is plaintiff Nancy C. Salinas' motion to remand this action to the Circuit Court of the City of St. Louis, Missouri [Doc. #8]. The motion is ripe for disposition.

**Background**

On May, 19, 2010, plaintiff filed this action in the St. Louis City Circuit Court, alleging that defendant USAA Casualty Insurance Co. breached a contract of insurance by failing to pay an uninsured motorist claim. On June 18, 2010, defendant removed the matter to this Court, asserting jurisdiction on the basis of diversity of citizenship. See 28 U.S.C. §§ 1332, 1441(a). Plaintiff is a citizen of Missouri; defendant is incorporated in and maintains its principal place of business in Texas. Plaintiff now seeks remand, arguing that the Court lacks jurisdiction because the amount in controversy does not exceed $75,000. In support of her motion, plaintiff submits a stipulation that the amount of damages claimed in her action do not exceed $75,000.00 and that, in

the event a jury verdict is entered in excess of $75,000, the judgment entered on that verdict shall be remitted to $75,000. Defendant does not oppose plaintiff's motion to remand.

## Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(b). In the event that the federal court determines that it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). In determining whether removal was proper, the Court must look to the plaintiff's pleadings at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537-38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). All

2

doubts about federal jurisdiction must be resolved in favor of remand. Id.

Defendant removed this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Under that statute, complete diversity of citizenship between plaintiff and defendant must exist, and the amount in controversy must exceed $75,000, exclusive of interest and costs. In her petition, plaintiff alleges that she suffered injuries to her spine, shoulder, neck, and head and that she has and will be caused severe pain and suffering. In her prayer for relief, plaintiff seeks a fair and reasonable amount in excess of $25,000 but less than $60,000 and an amount not to exceed twenty percent of the first $1,500 and ten percent of her loss in excess of $1,500. The prayer further states that plaintiff does not seek in excess of $75,000.

The Supreme Court held in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938), that a plaintiff may prevent removal by committing to accept less than the federal jurisdictional amount. After a case has been removed to federal court, however, it is too late for the plaintiff to foreclose federal jurisdiction by agreeing to collect less than the jurisdictional amount. Id. at 292-93. The rule from St. Paul Mercury has "consistently been applied to cases in which the [complaint] at the time of the removal expressly stated a claim in excess of the jurisdictional amount, and therefore, removal

jurisdiction had already attached." Halsne v. Liberty Mut. Group, 40 F. Supp. 2d 1087, 1090 (N.D. Iowa 1999).

Plaintiff's petition in this case does not expressly state a claim in excess of the jurisdictional amount, and in fact, expressly states that it seeks less than $75,000. Furthermore, plaintiff now stipulates that her damages do not exceed and she will not accept greater than $75,000. Where state law prohibits plaintiffs from specifying damages in their state court complaints, several courts have indicated a willingness to consider a post-removal stipulation to determine whether jurisdiction has attached, so long as the stipulation can be considered clarifying rather than amending an original pleading. See Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3d Cir. 1999); Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 429 (7th Cir. 1997); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993), cert. denied, 510 U.S. 1041 (1994).

Missouri Rules of Civil Procedure 55.05 and 55.19 prohibit the pleading of a specific amount in controversy in tort cases. In the instant case, plaintiff's claim is a statutory vexatious-refusal-to-pay tort claim premised on an insurance contract. The state court petition contains a prayer for damages in excess of $25,000 but less than $60,000 and twenty percent of the first $1,500 and ten percent of any amounts over $1,500. The prayer further states that the total claimed shall not exceed

4

$75,000. The Court finds that plaintiff's stipulation does not seek to amend her petition, but rather supports the petition's contention that plaintiff does not seek in excess of $75,000. As such, plaintiff's post-removal stipulation as to the amount in controversy can be considered to decide whether jurisdiction has attached.

As the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Defendant did not attempt to meet its burden by opposing plaintiff's motion. The Court finds that the amount in controversy does not exceed $75,000, and thus, jurisdiction was lacking at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #8] is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri (City of St. Louis) from which it was removed.

Dated this ___27th___ day of July, 2010.

          /s/Donald J. Stohr
          UNITED STATES DISTRICT JUDGE